CASE 54—ACTION BY B. F. BEARD & CO. AGAINST ARTHUR GOODMAN
FOR THE PRICE OF FERTILIZER SOLD.—JAN. 29.

# B. F. Beard & Co. v. Goodman.

### APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFFS APPEAL. REVERSED.

SALE OF FERTILIZER—ATTACHING LABELS—COMPLIANCE WITH STAT-
UTE.

Held:   1. The statute regulating the sale of fertilizer requires
that every bag sold shall have attached to it a label contain-
ing the name and address of the manufacturer, the name of the
fertilizer, etc.   Defendant bought a fertilizer from plaintiffs,
being informed that it would be shipped direct to him from
a firm in Illinois.   On its arrival, defendant removed it from
the cars.   He afterwards informed plaintiffs that it was not
labeled, whereupon they telegraphed the Illinois firm, secured
proper labels, and delivered them to defendant, who expressed
his satisfaction, and retained and used the fertilizer.   HELD
a sufficient compliance with the statute to enable plaintiffs to
recover the purchase price.

BENNETT H. YOUNG, FOR APPELLANTS.

Appellants admit the existence of the statute referred to
and the decision, Van Meter v. Spurrier, cited by appellee, but
there are certain facts to which the attorney for appellee did
not refer and it is well and prudent for this argument that
he did not. What are they?

1. Appellee bought this fertilizer from appellants, knowing
that it was made out of this State and was to be furnished to
them by a *non-resident firm which was not bound* by the Ken-
tucky statute because it was a non-resident firm, and did not
know and were not presumed or bound to know a statutory law
which did not bind their business and its management or con-
trol their contracts.

B. F. Beard & Co. v. Goodman.

2. Appellee knew that appellants were selling this fertilizer for a non-resident firm.

3. That when appellants were informed that the statute had not been complied with, they promptly sent for the tags and delivered them when appellee said it was "all right."

4. Appellee knew that these tags were furnished to and accepted by him to comply with the statute, and that that was the sole object of the action both by appellants and appellees as to these tags.

5. Appellee used the fertilizer and the tags before he bethought himself to screen and protect himself under and by the statute.

6. After all this, appellee offered to compromise this claim and failing on that he claimed the prohibition of the statute · to get rid of the debt.

7. It is distinctly proved that he got exactly what he bought.

8. After he could not settle for $300, and was informed that Swift & Company had to be consulted about the compromise, "he wanted a good deal more than that," that is, he would settle with appellants at $300, they knocking off $38.75, but if, with Swift & Company then more than $38.75.

9. That these goods were billed and shipped directly to appellee at "Harned," his railroad station from Swift & Company's factory, East St. Louis, Illinois, and not to appellants, and by them to him. Upon these facts appellee is estopped to claim his discharge under the statute.

### CITED AUTHORITIES.

Cooley Constitutional Limitations, p. 151; Galbraith v. Arlington, M. L. Ins. Co., 12 Bush, 38; Crockett v. Lashbrook, 5 Mon., 544; Irvine v. Scott, 85 Ky. Rep., 260; Pennoyer v. Neff, 95 U. S. (Otto), 722; Murray v. Roberts, 15 Am. State R., 216 (note); Freeman v. Alderson, 119 U. S., 188.

WEED S. CHELF, FOR APPELLEE.

### QUESTIONS DISCUSSED.

1. A contract prohibited by statute will not be enforced.

2. The attaching of the required label to each package of fertilizer is necessary to constitute compliance with the statute.

### AUTHORITIES.

Kentucky Statutes, sec. 1825; Vanmeter v. Spurrier & Co., 94 Ky., 22.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

The appellants are merchants, and they sold the appellee fertilizer of the agreed value of $338.75. One defense to the action is that it was sold to him in violation of the statute, because none of the bags or packages containing the fertilizer had attached to them any label furnished by the Kentucky Agricultural Experiment Station, giving a chemical analysis of the fertilizer, and that for that reason the contract is not enforceable. The facts are these: The appellants did not keep the fertilizer in stock, and informed appellee that it would be shipped to him at his station by Swift & Co., of Illinois. It was shipped by Swift & Co., and reached appellee's station on the 26th of September, and two or three days thereafter, and without the knowledge of appellants, the appellee unloaded it. The bags containing the fertilizer did not have any labels attached to them, showing the chemical analysis; and appellants did not know of this fact until informed by appellee, whereupon they telegraphed to Swift & Co., for the character of labels required by the statute. The labels were sent promptly, and were delivered by appellants to the appellee, who expressed himself satisfied therewith. The appellee kept and used the fertilizer.

The question is, was this such a compliance with the statute as will enable the plaintiff's to recover the agreed value of the fertilizer? The statute requires that every bag of commercial fertilizer sold or offered for sale in this State shall have attached to it, in a conspicuous place, a label, which shall contain the name and address of the manufacturer, the name of the fertilizer, number of net pounds in each package, etc. A penalty is provided against the manufacturer or vendor who shall sell, offer, or dispose for sale, any fertilizer, without having the labels required by stat-

B. F. Beard & Co. v. Goodman.

ute on the packages. This court, in Vanmeter v. Spurrier, etc., 94 Ky., 22, 14 R., 684, 21 S. W., 337, held that one who violated the statute, in not furnishing the labels as required by it, could not recover the value of the fertilizer sold. In that case the labels were never furnished. In the case at bar the labels were furnished, but were not on the packages when they arrived at the appellee's station, and in fact were never placed upon the packages by the appellants. The appellee received the bags of fertilizer and the labels. He received just what the law contemplated he should have— the fertilizer which he bought, and the labels giving the information required by the statute. Reduced to the last analysis, the appellee seeks to evade the payment of the contract price of the fertilizer, not because the labels were not furnished him, but because they were not on the bags when they arrived in the car. The labels received gave the appellee the information for his protection which the statute contemplated purchasers of fertilizers should have. If the fertilizer was not of the character represented, a cause of action would exist, and the labels furnished would show the character of fertilizer which the vendor represented he was selling. The purpose of the statute was to prevent the manufacturers and vendors from perpetrating frauds on purchasers, not to enable such purchasers to escape liability for fertilizer sold and delivered to them. While the statute was not complied with to the letter, it was in the spirit. We are therefore of the opinion that the defense relied on to which we have referred is not available. The court erred in giving a peremptory instruction to find for the appellee.

The judgment is reversed for proceedings consistent with this opinion.

Judge Hobson, dissenting.